## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBBIE OELSCHLAGER, Individually, | ) | Case No. 4:18cv3040 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| EAR, NOSE & THROAT SPECIALTIES, | ) | |
| P.C., CHRIS A. CEDERBERG, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the parties' Joint Stipulation for Protective Order. (Filing No. 54.) The motion is granted. Accordingly,

1. The "neuropsychological file materials" used, collected, or compiled by Neal Deutch, Ph.D., as part of his assessment of Robbie Oelschlager shall be kept confidential and shall not be used for any purpose outside of the present litigation. "Neuropsychological file materials" means all raw data, hand written notes, technician notes, worksheets, data sheets, other related documents, and anything that constitutes "testing data" under the American Psychological Association 2002 Ethics Code, 9.04. All "neuropsychological file materials" shall be considered and shall remain confidential even if not specifically designated or marked as such.

2. Other documents, materials, and information may be designated as confidential under this Protective Order by providing notice to the parties that the information is considered confidential, which, in the case of documents, may be accomplished by labeling the documents with the term "CONFIDENTIAL," or by otherwise indicating the documents are made confidential in writing to the parties. Information designated as confidential under this Protective Order shall not be used for any purposes outside of the present litigation.

3. For purposes of the present litigation, the "neuropsychological file materials" and other information designated as confidential under this Protective Order may be disclosed to only the following individuals: a) the named parties; b) counsel for the parties in this action actively working on the case, including any paralegal, clerical, consulting, professional, and other staff employed or retained by counsel for work on this action; c) the Court and the Court's staff; d) expert witnesses (retained or non-retained) but only to the extent such disclosure is required to prepare for and participate in trial and pre-trial proceedings, provided that such person has first signed a copy of this Protective Order on the attached Certification of Review and Consents (which shall be maintained throughout this action by the attorneys obtaining the signature); and, e) official court reporters participating in proceedings relating to this case.

4. Defendants shall pay for reasonable costs of production and delivery of the "neuropsychological file materials" within 30 days of invoice.

5. At the conclusion of the case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as confidential under this Protective Order shall be returned to the party that designated it as confidential or, in the case of "neuropsychological file materials," to the psychologist who produced them, or the parties may elect to destroy documents designated as confidential under this Protective Order. Where the parties agree to destroy documents, the destroying party shall, upon request, provide an affidavit confirming destruction to the designating party.

6. Each person who has access to confidential discovery materials shall take all due precautions to prevent the unauthorized or inadvertent reproduction and/or disclosure of the material.

7. If any material designated as confidential is to be disclosed in the public record, which includes but is not limited to pleadings, testimony, or other documents for use at trial, the material will be filed under seal pursuant to this order.

8. The Court shall retain jurisdiction over all persons and parties subject to this order to the extent necessary to modify this order, enforce its obligations, or to impose sanctions for any violation.

9. This order shall survive the termination of this action.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 19th day of September, 2019.

BY THE COURT:


s/ Susan M. Bazis
United States Magistrate Judge

**Certification of Review and Consent to Protective Order**

I, _____, acknowledge that I have read in its entirety and understand this Protective Order in this action. I agree that I will not disclose any Confidential information provided to me except as expressly permitted in the Protective Order, and that at the conclusion of the action I will return all such Confidential information to the party or attorney from whom I received it. By signing this Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Protective Order and that my violation of any term of the Protective Order could subject me to punishment for contempt of Court, even if such enforcement occurs after termination of this action.

Dated this _____ day of _____, 20___.

_____
Printed Name

_____
Signature