UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBBIE OELSCHLAGER, individually,

Plaintiff,

v.

EAR, NOSE & THROAT SPECIALTIES, P.C.,
CHRIS A. CEDERBERG, M.D.,

Defendants.

No. 4:18cv3040

**PLAINTIFF'S POSITION STATEMENT**

NOW COMES the Plaintiff, ROBBIE OELSCHLAGER, individually, by and through counsel, Cirignani Heller & Harman, LLP, takes the following position in regards to Defendant's Motion to Compel:

***Factual Background***

Plaintiff Robbie Oelschlager began suffering severe headaches following a sinus surgery performed by the Defendant. He also began to show signs of cognitive impairment in the form of reasoning and memory difficulties. To get a handle on the cognitive issues Robbie's treating neurologist, Dr. Golnick, referred him to an Overland, Kansas neuropsychologist named Dr. Deutch. Dr. Deutch ran a common battery of tests and concluded that Robbie had mild cognitive impairment. The specific tests he ran, their results, and his interpretation of the results are all contained in a report he issued on December 5, 2017. All parties have a copy of this report. As part of discovery, Plaintiff sought to depose Dr. Deutch. Prior to the deposition, Defendant sent Dr. Deutch a medical release signed by Plaintiff that included a request for the following:

- The personal information sheet, or patient questionnaire, if one was completed by Robbie Oelschlager;
- Notes, if any, of any patient pre-testing interview;
- Notes, if any, of any interview of Robbie's wife;
- Notes, if any, of any behavioral observations Dr. Deutch made at the time of testing;
- Medical records, if any, Dr. Deutch reviewed; and
- Raw data from the testing

*See Email from William Tannehill, dated July 11, 2019* (Exhibit 1).

While Dr. Deutch provided Defendant with his report, he did not supply any of the other requested documents. *Id.* Plaintiff neither possessed this material, nor felt it was necessary for understanding Dr. Deutch's opinions. Nonetheless, per the request of Defendant, Plaintiff agreed to contact Dr. Deutch and to ask him to produce the material.

The first request was made by email by undersigned's assistant, Vanessa Gomez. *See Email from Vanessa Gomez to Dr. Deutch, dated August 27, 2019* (Exhibit 2). Dr. Deutch's response to this request addressed only the raw data, saying that it "can only be produced to another psychologist." *See Email from Dr. Deutch* (Exhibit 3), dated August 29, 2019. Subsequently, Plaintiff tried again. This time Plaintiff and Defendant filed a Joint Stipulation for Protective Order covering the raw data. Plaintiff then sent Dr. Deutch a letter laying out Defendant's requests. Here is the complete content of undersigned's letter:

> **My name is Bill Cirignani. I am an attorney who represents Robbie Oelschlager in a civil case against Dr. Cederberg. William Tannehill, the attorney representing Dr. Cederberg, is copied on this letter. As you know, we had to continue your previously scheduled your deposition. I am sorry for the inconvenience. I believe we have a new date in December, but in preparation for this deposition both of us need some material regarding your evaluation and testing of Robbie. I know you have had discussions with my assistant, Vanessa Gomez, about these documents, but I need to raise the matter again with you. This is because there remain some records that were not addressed, but also because defense counsel believes there are legal and ethical bases for disclosing the test results to my client.**
>
> **First, we need the following material. The defendant in this case is planning on filing a motion with the Court to compel your production of it. So, if it exists, I need it, and if it doesn't exist, I need you to tell me so. I am sorry for this process, but it is one commanded by the legal system.**
>
> - **The personal information sheet, or patient questionnaire, if one was completed by Robbie Oelschlager;**
> - **Notes, if any, of any patient pre-testing interview;**
> - **Notes, if any, of your interview of Robbie's wife;**
> - **Notes, if any, of behavioral observations you made at the time of testing;**
> - **Medical records, if any, you reviewed.**
>
> **Second, I need the test responses and raw data from your testing. I understand that your position is that this material can only be given to another licensed neuropsychiatrist; however, the defense attorney in this case believes that your ethical rules require you to provide this material to my client, Robbie Oelschlager, upon proper request. Here is the provision he cites:**
>
> > **Under American Psychological Association 2002 Ethics Code, 9.04 Release of Test Data, "[p]ursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release." Standard 9.04 defines test data as including "raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include client/patient responses are included in the definition of test data." Under these guidelines, disclosure is more restrictive as to "testing materials," which are defined as "manuals, instruments, protocols, and test questions or stimuli and does not include test data as defined in Standard 9.04, Release of Test Data," but none of the information requested falls within the definition of "testing materials."**
>
> **Enclosed please find a release for this material. If you disagree with defense counsel, please let me know the basis of your disagreement so that I might let defense counsel know. I am available to discuss at your convenience. I hope that we might work this out without having to get the Court involved. Let me know if I can facilitate this goal in any way.**

*See Letter* dated September 19, 2019 (Exhibit 4).

Shortly thereafter, Dr. Deutch phoned undersigned counsel and explained that he would, after payment, send whatever material he had responsive to the request, except not the raw data. It was his view, supported by his thirty years of practice, that such data can only be transmitted to another licensed psychologist irrespective of the parties' agreed protective order. Further, it continued to be his view that it would be a violation of the ethics of his profession to produce the raw data to anyone other than another neuropsychologist. Plaintiff subsequently paid his copying fee and Dr. Deutch subsequently produced whatever material he had that was responsive to the defendant's request. Plaintiff then produced the material to the Defendant and explained Dr. Deutch's position on the raw data. Thus, the discovery dispute before the Court is solely about the production of the raw data.

***Plaintiff's Position***

Plaintiff does not have, and has never had, the raw data that Defendant seeks. Indeed, Plaintiff does not want or need the raw data in order to depose Dr. Deutch. Plaintiff agrees with Dr. Deutch that such material is incomprehensible without the questions and the consultation of a neuropsychologist. Plaintiff does not have the questions and has not engaged a neuropsychologist consult. Plaintiff has instead, from the beginning, sought to rely on the report issued by Dr. Deutch and nothing more.

Consequently, Plaintiff cannot be compelled to produce what Plaintiff does not have. The two cases cited by Defendant do not suggest otherwise. *See Ogburn v. Am. Nat'l Prop. & Cas. Co.*, No. 14-CV-02339-LTB-NYW, 2015 WL 5728801 (D. Colo. Sept. 30, 2015); and *Fint v. Brayman Constr. Corp.*, No. 5:17-CV-04043, 2019 WL 150273, at *4

(S.D.W. Va. Jan. 8, 2019). Indeed, in both cases the courts acknowledged that plaintiff could only produce what was in their possession. *Fint at* *1, and *Ogburn at* *4. Moreover, in both cases the courts found that plaintiff had fulfilled its obligation to take reasonable steps to acquire the requested discovery. *Id.* Defendant does not here argue that Plaintiff did not take reasonable steps to acquire the raw data, and indeed, Plaintiff did all he could to acquire it. Thus, there are no grounds to compel *Plaintiff* to produce the requested material (emphasis added).

The question remaining, however, is whether the Court has the authority to compel *Dr. Deutch* to produce the material (to either party)(emphasis added). In *Fint,* the court was faced with facts nearly identical to those presented here: a third-party doctor's refusal to comply with a written authorization presented by the defendant for raw testing data. While the *Fint* court ultimately entered an order compelling the doctor to produce the material, there are two aspects of that decision that must be noted.

First, the court in *Fint* did not hold the plaintiff responsible for the doctor's refusal. In other words, the court did not order the plaintiff to produce what he didn't have. Similarly, the Plaintiff cannot be held responsible for producing what he does not have in this case. Secondly, and most significantly, while the facts of the *Fint* case are almost identical to this case, one significant difference was that the third-party doctor refusing to produce the material in *Fint* was a resident of the same state as the court where the action was pending. That is not the case here. This is no small matter.

While Rule 45 of the Federal Rules of Civil Procedure grants the Court authority to issue a subpoena to Dr. Deutch for such material, in the event that he refuses to

comply, as he is doing here, Rule 45 requires that the matter be resolved by a Court *where the compliance is required. See Federal Rules of Civil Procedure,* Rule 45 (c). In *Fint,* compliance was required within the state were the action was pending. *Id.* Here, however, compliance is required within 100 miles of Dr. Deutch's Overland, Kansas office. *Id.* The Court is over 200 miles from Overland, meaning this Court does not have the authority to do what the court in *Fint* did: enter an order compelling Dr. Deutch to produce the raw data.

Plaintiff has no desire to obstruct Defendant's acquisition of the raw data in this case and has done everything he could to acquire it. Plaintiff, however, does not and cannot speak for Dr. Deutch. In *Fint* the doctor was deposed and the court had the benefit of having before it the sworn testimony of the doctor and all of her reasons why she was not producing the material. In other words, the court had the benefit of hearing (through sworn testimony) directly from the person controlling the documents. Dr. Deutch should be given the same opportunity.

WHEREFORE, Plaintiff respectfully asks this court to deny Defendant's Motion to Compel.

ROBBIE OELSCHLAGER, Plaintiff
s/ William A. Cirignani_______________
WILLIAM A. CIRIGNANI
CIRIGNANI, HELLER & HARMAN, LLP
150 S. Wacker Drive, Suite 2600, Chicago, IL 60606
312-346-8700
wac@chhlaw.com; vanessa@chhlaw.com

JEFFERSON DOWNING (#19280)
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O
530 S. 13th Street, Suite 100, Lincoln, NE 68508
402-475-8230
jd@keatinglaw.com

CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jefferson Downing, William A. Cirignani and William Tannehill.

s/ William A. Cirignani______________

**Vanessa Gomez**

| | |
|---|---|
| **From:** | Shelley Stoppel <SStoppel@wolfesnowden.com> |
| **Sent:** | July 11, 2019 4:03 PM |
| **To:** | William Cirignani; Vanessa Gomez |
| **Subject:** | RE: Oelschlager v. Dr. Cederberg |

Mr. Cirignani,

Your office has scheduled a video deposition of Neal B. Deutch, Ph.D. to be taken in this case beginning at 1:00 p.m. on July 26, 2019. In order to fairly prepare for that deposition, I need a complete copy of Dr. Deutch's records prior to that deposition. As you know, I previously attempted to obtain a complete copy of his records by sending him (on June 20, 2018) an Authorization signed by your client. The only document he produced in response was a Neuropsychological Assessment Report (AIN00001-AIN0009), a copy of which we then produced to your office.

Dr. Deutch's office has not produced all of the pertinent records. He did not produce any Personal Information Sheet, or other Patient Questionnaire, which would have been completed by Mr. Oelschlager. Nor did he produce any notes of his patient interview completed before the testing. Nor did he provide any notes of the interview of Mrs. Oelschlager (the "Informant Narrative"). Nor did he produce a copy of the notes of behavioral observations made at the time of testing. Nor did he produce any of the medical records he reviewed and relied upon to reach his conclusions in his report. Nor did he provide any of the hand-written responses of Mr. Oelschlager that were generated when the tests were taken. In short, none of the raw data was produced, nor the complete chart.

I would appreciate if you would contact Dr. Deutch's office to obtain his complete chart, including the raw data, prior to his deposition. Let me know if this is something that we can resolve without any involvement by the Magistrate Judge.

Thank you.

Bill

**Shelley E. Stoppel I Paralegal to William L. Tannehill**
**Wolfe Snowden Hurd Ahl Sitzmann Tannehill & Hahn, LLP**
**1248 O Street, Suite 800 I Lincoln NE 68508**
**402.474.1507 I 402.474.3170 fax**
E-mail: sstoppel@wolfesnowden.com

WOLFE SNOWDEN HURD AHL SITZMANN TANNEHILL & HAHN, LLP
A TRADITION OF EXCELLENCE & RESULTS SINCE 1977

The information contained in this message is private and confidential information, which may also be subject to the attorney-client privilege and work product doctrine. This information is intended only for the individual(s) or entity named above. If the reader of this message is not the intended recipient(s), you are hereby notified that any use, dissemination, distribution, or copy of this message is strictly prohibited. If you have received this message in error, please notify the sender by return email and destroy all copies of the message. Thank you.



EXHIBIT 1

**Vanessa Gomez**

| | |
|---|---|
| **From:** | Vanessa Gomez |
| **Sent:** | August 27, 2019 12:31 PM |
| **To:** | 'ndeutch@associateinneuropsychology.com' |
| **Cc:** | Nancy Cullinan |
| **Subject:** | Robbie Oelschlager - Deposition |
| **Importance:** | High |

Dr. Deutch,

Your deposition is confirm for December 6, 2019. Prior to your deposition, we need a **complete** copy of Robbie's medical records, which includes but not limited to: Personal Information Sheet, or other Patient Questionnaire, any notes of the patient interview completed before the testing, any notes of the interview of Mrs. Oelschlager (the "Informant Narrative"), any notes of behavioral observations made at the time of testing, medical records reviewed and relied upon to reach your conclusions in the report. Please include any hand-written responses of Mr. Oelschlager that were generated when the tests were taken. In short, all raw data.

Please use the attached link to upload the medical records : https://medsuit.sharefile.com/r-r77653ed5acf4c9f9

If you have any questions, please contact Nancy Cullinan or myself at (312) 346-8700.

Thank you.

CHH
CIRIGNANI | HELLER | HARMAN

Vanessa Gomez
Paralegal for William A. Cirignani
and Daniel J. Pylman
**CIRIGNANI HELLER & HARMAN, LLP**
150 S. Wacker Drive, Suite 2600
Chicago, IL 60606
(312) 346-8700
(312) 445-4626 (direct)
vanessa@chhlaw.com



EXHIBIT 2

**Vanessa Gomez**

| | |
|---|---|
| **From:** | Neal Deutch <ndeutch@associateinneuropsychology.com> |
| **Sent:** | August 29, 2019 12:58 PM |
| **To:** | Vanessa Gomez |
| **Subject:** | Re: Robbie Oelschlager - Deposition |

Hi Vanessa,

Raw data etc. can only be sent to another psychologist. Fee for all of the raw data and report is 400.00.

Thank You,

Neal B Deutch, Ph.D., ABN, FACPN
Licensed Psychologist
Diplomate of the American Board of Professional Neuropsychology
Fellow of the American College of Professional Neuropsychology

8575 W. 110th. St.
Suite 324
O.P., KS.

Phone: 913-345-2727
Fax: 913-345-1540

CONFIDENTIALITY NOTICE:
This email message and any accompanying data or files is confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately.



EXHIBIT 3

William A. Cirignani ^
Stanley J. Heller, M.D.
James C. Harman
Daniel J. Pylman
Deborah A. Alroth
Amber C. Konow

CHH
CIRIGNANI | HELLER | HARMAN LLP
ATTORNEYS AT LAW

OF COUNSEL

Stuart Perlik, M.D.

September 19, 2019

**VIA PRIORITY MAIL**
Neal B. Deutch, Ph.D., ABN, FACPN
Associates in Neuropsychology
8575 W. 110th Street
Suite 324
Overland Park, KS 66210

**Re:** ***Oelschlager v. Cederberg, M.D., et al.***

Dear Dr. Deutch:

My name is Bill Cirignani. I am an attorney who represents Robbie Oelschlager in a civil case against Dr. Cederberg. William Tannehill, the attorney representing Dr. Cederberg, is copied on this letter. As you know, we had to continue your previously scheduled deposition. I am sorry for the inconvenience. I believe we have a new date in December, but in preparation for this deposition both of us need some material regarding your evaluation and testing of Robbie. I know you have had discussions with my assistant, Vanessa Gomez, about these documents, but I need to raise the matter again with you. This is because there remains some records that were not addressed, but also because defense counsel believes there are legal and ethical bases for disclosing the test results to my client.

First, we need the following material. The defendant in this case is planning on filing a motion with the Court to compel your production of it. So, if it exists, I need it, and if it doesn't exist, I need you to tell me so. I am sorry for this process, but it is one commanded by the legal system.

- The personal information sheet, or patient questionnaire, if one was completed by Robbie Oelschlager;
- Notes, if any, of any patient pre-testing interview;
- Notes, if any, of your interview of Robbie's wife;
- Notes, if any, of behavioral observations you made at the time of testing;

EXHIBIT 4

- Medical records, if any, you reviewed.

Second, I need the test responses and raw data from your testing. I understand that your position is that this material can only be given to another licensed neuropsychiatrist; however, the defense attorney in this case believes that your ethical rules require you to provide this material to my client, Robbie Oelschlager, upon proper request. Here is the provision he cites:

> Under American Psychological Association 2002 Ethics Code, 9.04 Release of Test Data, "[p]ursuant to a client/patient release, psychologists provide test data to the client/patient or other persons identified in the release." Standard 9.04 defines test data as including "raw and scaled scores, client/patient responses to test questions or stimuli, and psychologists' notes and recordings concerning client/patient statements and behavior during an examination. Those portions of test materials that include client/patient responses are included in the definition of test data." Under these guidelines, disclosure is more restrictive as to "testing materials," which are defined as "manuals, instruments, protocols, and test questions or stimuli and does not include test data as defined in Standard 9.04, Release of Test Data," but none of the information requested falls within the definition of "testing materials."

Enclosed please find a release for this material. If you disagree with defense counsel, please let me know the basis of your disagreement so that I might let defense counsel know. I am available to discuss at your convenience. I hope that we might work this out without having to get the Court involved. Let me know if I can facilitate this goal in any way.

Very truly yours,

William A. Cirignani
wac@chhlaw.com

Enclosure

cc: William Tannehill

**CIRIGNANI HELLER & HARMAN, LLP - Attorneys at Law**
**150 S. Wacker Drive, Suite 2600, Chicago, Illinois 60606. 312-346-8700**

# HIPAA Authorization to Disclose Health Information

Patient Name: Robbie Oelschlager ______ Date of Birth: [redacted]______
Social Security No.: XXX-XX- ______

I, Robbie Oelschlager, authorize the use or disclosure of the patient's health information as described below.

1. The following medical provider is authorized to make the disclosure:

Associates in Neuropsychology

2. The type of information to be used or disclosed is as follows:
☒ **All Medical Records, Bills and Imaging** ☒ **All Psychiatric & Psychological Records**
This disclosure shall include each and every page of medical records, including all lab reports, medication lists, history and physicals, discharge summaries, operative reports, anesthesia reports, consultation reports, radiology reports, ECG/EKG reports, physician orders, progress notes, nursing records, flow sheets, pathology reports, specialty lab records, consents, rehabilitation records, and any and all records prepared and maintained to be a complete and accurate reflection of the patient's contact with this healthcare provider. Further, this disclosure shall include any and all films.

3. I understand that the information in my health record may include information relating to sexually transmitted diseases, AIDS and HIV. It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse. I authorize the release of those records, as well.

4. The information identified above may be used by or disclosed to the following organization: **Cirignani Heller & Harman, LLP**.

5. The purpose of this authorization for disclosure is: **At the request of the individual**.

6. I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

7. This authorization will expire six months from the date on which it was signed.

8. I understand that once the above information is disclosed, it may be redisclosed by the recipient and the information may not be protected by federal privacy laws or regulations. I understand authorizing the use or disclosure of the information identified above is voluntary. I need not sign this form to ensure healthcare treatment, payment, enrollment or eligibility for benefits.

9. A photocopy of this Authorization shall be as acceptable as the original.

Signature ______ [signature] ______ 9/19/19
Name Robbie Oelschlager ______ Date