**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ROBBIE OELSCHLAGER, individually;<br><br>                      Plaintiff,<br><br>      vs.<br><br>EAR, NOSE & THROAT SPECIALTIES, PC,<br>and CHRIS A. CEDERBERG, M.D.;<br><br>                      Defendants. | 4:18CV3040<br><br>**FIFTH AMENDED ORDER<br>SETTING FINAL SCHEDULE FOR<br>PROGRESSION OF CASE** |

This matter is before the Court on the parties' Joint Motion to Extend Expert Witness Disclosure and Amend Order Setting Final Schedule for Progression of Case deadlines. (Filing No. 68.) The motion is granted. Accordingly,

**IT IS ORDERED** that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1.      The Status Conference presently scheduled for September 11, 2020 is canceled. A Status Conference **to discuss the status of case progression and trial and pretrial conference setting** will be held by telephone with the undersigned magistrate judge on **November 10, 2020** at **11:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 70.)

2.      **Deposition Deadline:** All depositions, whether or not they are intended to be used at trial, shall be completed by **February 16, 2021**.

3.      **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses by **September 28, 2020** and shall serve expert reports by **October 30, 2020**. Each Defendant, Counter-Defendant, and Cross-Defendant shall identify expert witnesses by **December 28, 2020**, and serve expert reports by **January 29, 2021**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **February 12, 2021**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

4. **Motions in Limine.** Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **February 26, 2021**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

5. **Mediation and Settlement:**

   a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

   b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on Defendant or Defendant's counsel a written, updated settlement proposal. Defendant or Defendant's counsel shall respond in writing to such proposal not later than one week before trial.

   c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

6. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 22nd day of July, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge