UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBBIE OELSCHLAGER, individually,

Plaintiff,

v.

EAR, NOSE & THROAT SPECIALTIES, P.C., CHRIS A. CEDERBERG, M.D.,

Defendants.

No. 4:18cv3040

REPLY IN SUPPORT OF MOTION FOR A MODIFIED DISCOVERY SCHEDULE

COMES NOW the Plaintiff, by and though the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 16(b)(4), in reply to Defendants' Brief in Opposition to Plaintiff's Motion to Designate an Expert Witness Out of Time, states as follows:

In their response, Defendants firstly note that Plaintiff (by agreement of the Defendants) sought several extensions of disclosure deadlines from this Court. This much is true. What is not true is the Defendants' implication that Plaintiff requested these agreed extensions in order to locate experts (and that Plaintiff was therefore not diligent in acquiring experts). In fact, the expert at issue—Kevin Welch, M.D.—was disclosed as Plaintiff's standard of care expert pursuant to the Parties' Rule 26(a)(1) report on *August 21, 2018*—a part of the disclosure requirement which Defendants themselves didn't answer. *See,* Email Amending Rule 26(a)(1) Report, Exhibit 1. Thus, Plaintiff knew of and acquired his standard of care expert since the outset of this case, and therefore could not have been more diligent. The extensions sought were sought because Plaintiff continued to get treatment for his medical injuries and undersigned wanted Plaintiff's experts to have full information before issuing their reports. *See,* Numerous Emails, Exhibit 2.

Defendants secondly argue that Plaintiff's request comes only after Plaintiff missed the Court's issued deadlines under the last progression order, and that as a result Plaintiff's burden for

his present motion includes a showing of excusable neglect. This is incorrect. Plaintiff did not miss any of the deadlines. Plaintiff in fact timely disclosed on the deadline set by the Court. What has happened is that after Plaintiff met his deadline, two things occurred: first, counsel found out that he can no longer work with the expert Plaintiff originally disclosed and needs a replacement; and second, Plaintiff had gotten significant additional medical treatment. The standard of review for amending the progression order and allowing a substitute of experts is diligence; i.e., was Plaintiff diligent in seeking the relief he now requests. The answer is unequivocally yes.

Lastly, Defendants raise two other matters that he has not quite connected to his argument, but which Plaintiff feels obligated to address. First, Defendants state that Plaintiff was required to submit a signed expert report. This is technically true; however, courts have long recognized that a missing signature can be easily corrected by supplement and leave should be freely granted to do so. *See, Bryntesen v. Camp Auto Inc.*, 2:13-cv-00491-BLW (D. Idaho 2015). Plaintiff would have made this request to supplement a signed report (the report being the exact substance, except written in the first person and adding a signature) and was in the process of acquiring the same when the problem with this expert arose. Now, of course, the point is moot. Plaintiff also understands that any new expert cannot add opinions beyond those held by Dr. Welch. Plaintiff cannot know whether this will happen until the potential substitute experts finish their review.

Second, Defendants imply that Plaintiff needed to show more than irreconcilable differences with his disclosed expert. He does not cite any case law for this proposition and movant could not find any. Instead, the only requirement under the rules is a showing of diligence to correct the problem in a timely manner. Again, this Plaintiff has indisputably shown. Additional detail is not mandated. Still should the Court require more details and should the Court order Plaintiff's

counsel to disclose the same, counsel will certainly oblige at oral argument (if granted) or at the Court's pleasure.

ROBBIE OELSCHLAGER, Plaintiff,

By: /s/ William A. Cirignani
William A. Cirignani
CIRIGNANI, HELLER & HARMAN, LLP
150 S. Wacker Drive, Ste. 2600
Chicago, IL 60606
TEL: (312) 346-8700
wac@chhlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ROBBIE OELSCHLAGER, individually,

Plaintiff,

v.

EAR, NOSE & THROAT SPECIALTIES, P.C.,
CHRIS A. CEDERBERG, M.D.,

Defendants.

No. 4:18cv3040

AFFIDAVIT

I have personal knowledge of the facts contained Plaintiff's *Reply in Support of Motion for a Modified Discovery Schedule*.

The emails attached to Plaintiff's *Reply in Support of Motion for a Modified Discovery Schedule* are true and correct copies of emails between opposing counsel, this Court and me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2021

William A. Cirignani
CIRIGNANI, HELLER & HARMAN, LLP

CERTIFICATE OF COMPLIANCE

I hereby certify that the word count of Plaintiff's *Reply in Support of Motion for a Modified Discovery Schedule* is 650 words. This is based on the word-count function of a current version of Microsoft Word (Office 365), which included all text except the affidavit and this certificate.

/s/ William A. Cirignani

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Jefferson Downing, William A. Cirignani and William Tannehill.

/s/ William A. Cirignani

**Deborah Alroth**

**From:** William Cirignani
**Sent:** Monday, February 8, 2021 3:59 PM
**To:** Deborah Alroth
**Subject:** FW: Oelschlager

**From:** William Cirignani
**Sent:** Tuesday, August 21, 2018 2:28 PM
**To:** wtannehill@wolfesnowden.com
**Cc:** Vanessa Gomez <vanessa@chhlaw.com>; Jeff Downing <jd@keatinglaw.com>
**Subject:** Oelschlager

William:

I look forward to meeting you later this week. In keeping with the Court's planning conference order, I need to amend our witness disclosure to add a few lay witnesses, and to give you the name of our experts. I also want to tell you the treating doctors I wish to depose. I will do all of that here and file an amended 26(a)(1) later.

First, as for lay witnesses, I am adding Robbie's oldest daughter, Jennifer Matousek, as well as his banker, James Pachta, and one of his closest friends, Alan Richter. Each of these lay witnesses will testify about the impact Robbie's injuries have had on him.

Second, though I have listed all of Robbie's treating doctors, I wanted you to know those I want to depose (a much smaller list), which are the following:

Neal B. Deutch, PH.D.
Associates in Neuropsychology

Kent Erickson, M.D.
Erickson Medical Clinic

Mayo Clinic Treater (still trying to narrow down the actual doctor in charge)

Joel R. Saper, M.D.
Michigan Head-Pain & Neurological Institute

Kenneth A. Follett, M.D.
Nebraska Medicine

Jan J. Golnick, M.D.
Neurological and Headache Center

EXHIBIT 1

Last, as far as the identify of our experts, they include the following:

Kevin C. Welch, M.D.—Otolaryngologist
Associate Professor, Northwestern University Feinberg School of Medicine
676 N. St. Clair Street
Suite 1325
Chicago, IL 60611

Eric Nyberg, M.D.—Neuroradiologist
Assistant Professor, University of Colorado School of Medicine
13001 E. 17th Place
Aurora, CO 80045

Karen Stricklett—Vocational and Earning Capacity
14710 West Dodge Road
Suite 201
Omaha, NE 68154

David Rosenbaum, PhD—Economist

I assume you will supply the names of your experts in the same manner. I will look for them.

**William A. Cirignani, Esq**
**Cirignani, Heller & Harman**
**312-346-8700**
**www.medsuit.com**
**wac@chhlaw.com**

**"All our truth, or all but a few fragments, is won by metaphor." C. S. Lewis**

**William Cirignani**

**From:** William Cirignani
**Sent:** Friday, September 6, 2019 10:35 AM
**To:** William Tannehill; Shelley Stoppel
**Cc:** Vanessa Gomez
**Subject:** FW: Oelschlager

Bill:

First, my assistant sent the email below to Dr. Deutch before I could draft a letter. You can see his response. He did not send us (or upload) any additional documents. I can send him a letter asking again, but since he is not giving us the raw data, I wanted to first find out whether you intend to seek the court's involvement. If so, then I am not inclined to pester him and to just let the Court handle.

Second, Dr. Deutch is the only treating physician that we are seeking to depose. As I mentioned, I do not want to have my experts issue their reports prematurely; *i.e.*, without the depositions of the treaters you intend to depose. When we spoke, you were not sure how many and who that might be. Can you please advise now? If we need to extend the deadlines, I would like to do that over the next ten days, as my first deadline is October 1. Thanks!

William A. Cirignani
CH&H
wac@chhlaw.com
312-346-8700 (office)
630-399-8502 (cell)

Hi Vanessa,

Raw data etc. can only be sent to another psychologist. Fee for all of the raw data and report is 400.00.

Thank You,

Neal B Deutch, Ph.D., ABN, FACPN
Licensed Psychologist
Diplomate of the American Board of Professional Neuropsychology
Fellow of the American College of Professional Neuropsychology

8575 W. 110th. St.
Suite 324
O.P., KS.

Phone: 913-345-2727
Fax: 913-345-1540

CONFIDENTIALITY NOTICE:



EXHIBIT 2

This email message and any accompanying data or files is confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error, or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately.

On Tue, Aug 27, 2019 at 12:31 PM Vanessa Gomez <vanessa@chhlaw.com> wrote:

Dr. Deutch,

Your deposition is confirm for December 6, 2019. Prior to your deposition, we need a **complete** copy of Robbie's medical records, which includes but not limited to: Personal Information Sheet, or other Patient Questionnaire, any notes of the patient interview completed before the testing, any notes of the interview of Mrs. Oelschlager (the "Informant Narrative"), any notes of behavioral observations made at the time of testing, medical records reviewed and relied upon to reach your conclusions in the report. Please include any hand-written responses of Mr. Oelschlager that were generated when the tests were taken. In short, all raw data.

Please use the attached link to upload the medical records : https://medsuit.sharefile.com/r-r77653ed5acf4c9f9

If you have any questions, please contact Nancy Cullinan or myself at (312) 346-8700.

Thank you.

CHH
CIRIGNANI | HELLER | HARMAN

Vanessa Gomez
Paralegal for William A. Cirignani and Daniel J. Pylman
**CIRIGNANI HELLER & HARMAN, LLP**
(312) 445 – 4626 (Direct)
vanessa@chhlaw.com

**William Cirignani**

| | |
|---|---|
| **From:** | William Cirignani |
| **Sent:** | Monday, September 23, 2019 11:48 AM |
| **To:** | Judith McBroom |
| **Subject:** | FW: 4:18cv3040 Oelschlager v. ENT Specialties |

**From:** Rene' Wilson <Rene_Wilson@ned.uscourts.gov>
**Sent:** Thursday, September 19, 2019 12:46 PM
**To:** William Tannehill <WTannehill@wolfesnowden.com>
**Cc:** William Cirignani <wac@chhlaw.com>; Jeff Downing <jd@keatinglaw.com>; Elizabeth Cano <ecano@wolfesnowden.com>; Bazis Chambers <bazis@ned.uscourts.gov>; Amber Konow <amber@chhlaw.com>; Shelley Stoppel <SStoppel@wolfesnowden.com>
**Subject:** RE: 4:18cv3040 Oelschlager v. ENT Specialties

Thank you Mr. Tannehill. We will enter an order shortly.

*Rene' M. Wilson*
Judicial Assistant
Magistrate Judge Bazis
111 So. 18th Plz. #2271
Omaha, NE 68102
402-661-7343
rene_wilson@ned.uscourts.gov

**From:** William Tannehill <WTannehill@wolfesnowden.com>
**Sent:** Thursday, September 19, 2019 9:54 AM
**To:** Rene' Wilson <Rene_Wilson@ned.uscourts.gov>
**Cc:** William Cirignani <wac@chhlaw.com>; Jeff Downing <jd@keatinglaw.com>; Elizabeth Cano <ecano@wolfesnowden.com>; Bazis Chambers <bazis@ned.uscourts.gov>; Amber Konow <amber@chhlaw.com>; Shelley Stoppel <SStoppel@wolfesnowden.com>
**Subject:** Re: 4:18cv3040 Oelschlager v. ENT Specialties

I do not have any objection. Thank you.

Sent from my iPhone

On Sep 19, 2019, at 9:31 AM, Rene' Wilson <Rene_Wilson@ned.uscourts.gov> wrote:

> Ms. Cano & Mr. Tannehill, do you have any objection?
>
> *Rene' M. Wilson*
> Judicial Assistant
> Magistrate Judge Bazis

111 So. 18th Plz. #2271
Omaha, NE 68102
402-661-7343
rene_wilson@ned.uscourts.gov

---

**From:** William Cirignani <wac@chhlaw.com>
**Sent:** Thursday, September 19, 2019 9:15 AM
**To:** Rene' Wilson <Rene_Wilson@ned.uscourts.gov>; Jeff Downing <jd@keatinglaw.com>; ecano@wolfesnowden.com; wtannehill@wolfesnowden.com
**Cc:** Bazis Chambers <bazis@ned.uscourts.gov>; Amber Konow <amber@chhlaw.com>
**Subject:** RE: 4:18cv3040 Oelschlager v. ENT Specialties

We do, as I remained concerned about our retained experts having a full record to review before issuing their reports.

**William A. Cirignani, Esq**
**Cirignani, Heller & Harman**
**312-346-8700**
**www.medsuit.com**
**wac@chhlaw.com**

**"All our truth, or all but a few fragments, is won by metaphor." C. S. Lewis**

---

**From:** Rene' Wilson <Rene_Wilson@ned.uscourts.gov>
**Sent:** Wednesday, September 18, 2019 2:05 PM
**To:** Jeff Downing <jd@keatinglaw.com>; William Cirignani <wac@chhlaw.com>; ecano@wolfesnowden.com; wtannehill@wolfesnowden.com
**Cc:** Bazis Chambers <bazis@ned.uscourts.gov>
**Subject:** 4:18cv3040 Oelschlager v. ENT Specialties

Counsel:

The Court has reviewed your Joint Motion to Extend (Filing No. 51). The Court understands the need to extend the Daubert deadline due to the extension of the expert deadlines, however, there needs to be 90 days between the Daubert deadline and the trial date. Therefore, your pretrial conference would have to be moved and could be held no sooner than 8/20/20. In addition, due to changes in the procedure of setting trials, the current trial date would be canceled and would be reset at the pretrial conference.

Please advise the Court as to whether you still wish to extend these deadlines.

*Rene' M. Wilson*

Judicial Assistant
Magistrate Judge Bazis
111 So. 18th Plz. #2271
Omaha, NE 68102
402-661-7343
rene_wilson@ned.uscourts.gov

**William Cirignani**

**From:** William Cirignani
**Sent:** Wednesday, December 18, 2019 10:16 AM
**To:** William Tannehill
**Cc:** Jeff Downing (jd@keatinglaw.com); Vanessa Gomez
**Subject:** Oelschlager

Bill:

A few things. First, I do not yet have Dr. Deutch's deposition transcript. I will need my experts to have that before they can issue their reports. Second, my client has informed me that because of insurance issues, he is switching neurologists. I do not yet know who the new neurologist is or when he will be seen, although January is the target time frame. We will certainly need the records and quite probably need to depose him or her. Last, I want to depose Dr. Joyce Woodford, Robbie's psychologist. In light of these issues, I think we once again need to speak to the court to adjust deadlines. I assume you have no problem with an agreed motion to do so. Please let me know. The first deadline is January 1, to identify expert witnesses.

Bill C

**William Cirignani**

---

**From:** William Cirignani
**Sent:** Thursday, December 26, 2019 8:39 AM
**To:** Vanessa Gomez
**Subject:** FW: Oelschlager

Let's get an agreed motion to continue all deadlines by 90 days today. Use previous motion, just say that the grounds for additional time is that plaintiff is seeking additional treatment from a new doctor in January, and on grounds that Plaintiff needs for his experts to review the treating doctors depositions. Call court today also and see if we can get this heard before end of year. Tell them I need urgent hearing because my first deadline is January 1.

Bill C

---

**From:** William Tannehill <WTannehill@wolfesnowden.com>
**Sent:** Friday, December 20, 2019 4:07 PM
**To:** William Cirignani <wac@chhlaw.com>
**Cc:** Shelley Stoppel <SStoppel@wolfesnowden.com>
**Subject:** RE: Oelschlager

Bill,
Let me know your thoughts on adjusting the deadlines. As long as the defendant's deadlines are adjusted accordingly that should be fine.
Bill

**William L. Tannehill I Partner**
**Wolfe Snowden Hurd Ahl Sitzmann Tannehill & Hahn, LLP**
**1248 O Street, Suite 800 I Lincoln NE 68508**
**402.474.1507 I 402.474.3170 fax**
E-mail: wtannehill@wolfesnowden.com

WOLFE SNOWDE
HURD AHL SI

*The information contained in this electronic transmission (including any accompanying attachments) is intended solely for its authorized recipient(s), and is legally privileged and may be confidential. If you are not an intended recipient, or responsible for delivering some or all of this transmission to an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing or disclosing any of the information contained in it. In that event, please contact us immediately by telephone (888) 474-1507 and delete the original and all copies of this transmission (including any attachments) without reading or saving in any manner.*

---

**From:** William Cirignani <wac@chhlaw.com>
**Sent:** Wednesday, December 18, 2019 10:16 AM
**To:** William Tannehill <WTannehill@wolfesnowden.com>
**Cc:** Jeff Downing (jd@keatinglaw.com) <jd@keatinglaw.com>; Vanessa Gomez <vanessa@chhlaw.com>
**Subject:** Oelschlager

Bill:

A few things. First, I do not yet have Dr. Deutch's deposition transcript. I will need my experts to have that before they can issue their reports. Second, my client has informed me that because of insurance issues, he is switching neurologists. I do not yet know who the new neurologist is or when he will be seen, although January is the target time frame. We will certainly need the records and quite probably need to depose him or her. Last, I want to depose Dr. Joyce Woodford, Robbie's psychologist. In light of these issues, I think we once again need to speak to the court to adjust deadlines. I assume you have no problem with an agreed motion to do so. Please let me know. The first deadline is January 1, to identify expert witnesses.

Bill C

**William Cirignani**

**From:** William Cirignani
**Sent:** Thursday, April 30, 2020 12:56 PM
**To:** William Tannehill
**Cc:** Deborah Alroth
**Subject:** Oelschlager

Bill:

I hope you are staying well during this crisis. As you know, my client has been treating with a new neurologist. This treatment is ongoing. I would like to supply my experts with Dr. Whyte's records and deposition when it is completed before we issue reports. I would thus like to file an agreed motion to extend all deadlines in this case to account for the stasis we are in. Please let me know if this is acceptable.

**William A. Cirignani, Esq**
**Cirignani, Heller & Harman**
**312-346-8700**
**www.medsuit.com**
**wac@chhlaw.com**

**"All our truth, or all but a few fragments, is won by metaphor." C. S. Lewis**

**William Cirignani**

| | |
|---|---|
| **From:** | William Cirignani |
| **Sent:** | Tuesday, June 16, 2020 11:39 AM |
| **To:** | William Tannehill |
| **Cc:** | Judith McBroom; Shelley Stoppel |
| **Subject:** | RE: Oelschlager |

Bill:

Are you okay with scheduling Dr. Whyte's deposition? I'd like to get it completed before my expert reports.

Bill C

**From:** William Tannehill <WTannehill@wolfesnowden.com>
**Sent:** Friday, May 1, 2020 9:15 AM
**To:** William Cirignani <wac@chhlaw.com>
**Cc:** Deborah Alroth <daa@chhlaw.com>; Shelley Stoppel <SStoppel@wolfesnowden.com>
**Subject:** RE: Oelschlager

Bill,
My file reflects that the plaintiff's expert disclosure deadline was extended to July 30 2020, and the plaintiff's expert reports will be due on Aug. 31, 2020. Does this take care of your concern? Also, I don't believe that we have any records from Dr. Whyte. I would appreciate if you would provide copies of any recent records by any of the treating physicians. Thank you.
Bill

**William L. Tannehill I Partner**
**Wolfe Snowden Hurd Ahl Sitzmann Tannehill & Hahn, LLP**
**1248 O Street, Suite 800 I Lincoln NE 68508**
**402.474.1507 I 402.474.3170 fax**
E-mail: wtannehill@wolfesnowden.com

WOLFE SNOWDE
HURD AHL SI

*The information contained in this electronic transmission (including any accompanying attachments) is intended solely for its authorized recipient(s), and is legally privileged and may be confidential. If you are not an intended recipient, or responsible for delivering some or all of this transmission to an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing or disclosing any of the information contained in it. In that event, please contact us immediately by telephone (888) 474-1507 and delete the original and all copies of this transmission (including any attachments) without reading or saving in any manner.*

**From:** William Cirignani <wac@chhlaw.com>
**Sent:** Thursday, April 30, 2020 12:56 PM
**To:** William Tannehill <WTannehill@wolfesnowden.com>

**Cc:** Deborah Alroth <daa@chhlaw.com>
**Subject:** Oelschlager

Bill:

I hope you are staying well during this crisis. As you know, my client has been treating with a new neurologist. This treatment is ongoing. I would like to supply my experts with Dr. Whyte's records and deposition when it is completed before we issue reports. I would thus like to file an agreed motion to extend all deadlines in this case to account for the stasis we are in. Please let me know if this is acceptable.

**William A. Cirignani, Esq**
**Cirignani, Heller & Harman**
**312-346-8700**
**www.medsuit.com**
**wac@chhlaw.com**

**"All our truth, or all but a few fragments, is won by metaphor." C. S. Lewis**

**William Cirignani**

**From:** William Cirignani
**Sent:** Tuesday, July 21, 2020 11:01 AM
**To:** William Tannehill
**Cc:** Deborah Alroth; Amber Konow; Judith McBroom
**Subject:** Oelschlager

Bill:

I would like to extend our disclosure deadlines by 60 days. Two reasons. First, I'd like to get Dr. Whyte's deposition to my expert for review. Second, and perhaps more challenging, is the expert who needs this deposition has contracted COVID. I am not sure when he can start or finish his review. Please advise ASAP, so I can file motion with court.

Sent from my iPhone

Bill C